IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:01CR10039-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL SHORT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Joseph W. H. Mott,* Assistant United States Attorney, Roanoke, Virginia, for United States; *Lisa M. Lorish,* Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and for the reasons stated on behalf of the defendant, the motion will be is granted. The defendant's previously imposed sentence of imprisonment will be reduced to time served.

The defendant, Michael Short, seeks a reduction in his custodial sentence and supervised release for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, he argues that his "stacked" consecutive sentences under 18 U.S.C. § 924(c) create an unjust disparity and would not be imposed under

the statute today. For that reason and those further explained herein, I will grant his motion and reduce his term of imprisonment but not his period of supervised release.

On December 21, 2001 a jury found Mr. Short guilty of conspiracy to distribute and distribution of oxycodone in violation of 21 U.S.C. §§ 841(a) and 846 (Count One), possession with intent to distribute and distribution of oxycodone in violation of 21 U.S.C. § 841(a) (Count Two), two counts of using or possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Counts Three and Four), and possessing a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Count Five).

I originally sentenced Short to 438 months in prison (36 and a half years), consisting of 78 months as to Counts One, Two, and Five to run concurrently, followed by mandatory minimum sentences of 60 months as to Count Three and 300 Months as to Count Four each to be served consecutively to all other counts. I also sentenced him to a period of supervised release of five years following his term of incarceration. I later reduced his custodial sentence to a total of 423 months (roughly 35 years) pursuant to Amendment 782 to the sentence guidelines. Order, Feb. 10, 2015, ECF No. 105 (reducing guideline range to 63 to 78 months and imposing concurrent terms of 63 months on Counts One, Two, and Five). Short is now 57 years old and his current projected release date is February 12, 2032.

As noted, Short was convicted of two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At the time, a second or successive violation of the statute resulted in a statutory mandatory consecutive minimum sentence of 25 years in prison. 18 U.S.C. § 924(c)(1)(C)(i) (2000). The defendant was so sentenced, although there had been no intervening conviction for the first violation of that statute. Prior to § 403 of the First Step Act, this stacking of § 924(c) violations in a single indictment were construed under the existing statute as permissible. *Deal v. United States*, 508 U.S. 129, 137 (1993).

The First Step Act of 2018 changed the rule of the *Deal* case by amending the statute. It provides that:

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-5194, § 403, 132 Stat. 5194, 5221-22 (2018), amending 18 U.S.C. § 924(c)(1)(C).

Although I may not reduce Short's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit held in *United States v. McCoy*, 981

-3-

F.3d 271, 286 (4th Cir. 2020) that when deciding compassionate release motions district courts may consider the severe length and disparateness of a defendant's sentence in light of the revision of sentence-stacking under § 924(c).  A sentencing disparity no doubt exists in this case.  Short is serving a 423-month sentence because of the stacked § 924(c) charges.  But if he were sentenced today, I would be required to impose no more than 120 months (10 years) in prison due to the 60-month consecutive mandatory minimums for the two § 924(c) charges.  Mot. 1, ECF No. 108.  He has already served more than 19 years in custody.  I find this sentencing disparity to be extraordinary and compelling.

      I must "reconsider[ ] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances."  *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).  Based on Short's history and characteristics, I find that the time he has served in prison has been sufficient to afford adequate deterrence and protect the public.  Short had a Criminal History Category of I and no prior history of drug crimes or violence before this conviction.  The defendant has also made notable rehabilitation efforts while in prison by completing many classes and programs.  Short's time served has also been just punishment for his serious crime and promoted respect for the law.  Because I find that Short's time in prison has been

sufficient to meet the goals of § 3553(a), I will reduce his term of imprisonment to time served.

I will however deny the defendant's request to reduce his period of supervised release, because he received a drug-related infraction while incarcerated. Mot. 8–9, ECF No. 108.  I find that Short and the public would benefit from further monitoring him to ensure that he remains sober during his transition to civilian life. Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 108, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Counts One through Five, meaning that the defendant has now fully served the imprisonment imposed as to all counts and is to be released from imprisonment;</u>

3. This Order is stayed for 14 days for the verification of the defendant's residence and/or establishment of an appropriate release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  If more than 14 days are needed for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements and ensure the defendant's safe release, the parties or the Probation Office shall immediately notify the court and advise why the stay should be extended;

4. The terms of the defendant's supervised release are modified as follows: The defendant must serve four months of home incarceration at the

approved residence beginning immediately after release for 24-hours-a-day except for medical necessities and court appearances and other absences specifically approved by the court. The probation officer shall monitor compliance by Voice Recognition, and the probation officer may recommend to the court RF or GPS location monitoring if greater absences are approved or greater risks are identified; and

    5.    The Clerk shall provide the Probation Office with a copy of this Opinion and Order and the Probation office shall transmit a copy to the Bureau of Prisons.

ENTER: August 17, 2021

/s/  JAMES P. JONES
United States District Judge